BONILLERSE *v.* GONZÁLEZ ET AL.

APELACIÓN procedente de la Corte de Distrito de Aguadilla.

No. 704.—Resuelto en diciembre 13, 1911.

BIENES GANANCIALES—BIENES PROPIOS DE UNO DE LOS CÓNYUGES.—Adquirida una finca por el esposo a título de herencia materna, debe reputarse como bien privativo de él, sin que sirva para desvirtuar ese carácter el hecho de que la esposa pagara con su peculio particular pagarés del esposo por deudas contraídas antes del matrimonio.

INTERPRETACIÓN DEL CÓDIGO CIVIL—COMENTARISTAS ESPAÑOLES.—De acuerdo con la regla bien conocida de interpretación legal puede este tribunal referirse a eminentes comentaristas españoles para la debida interpretación de aquellas partes del Código Civil de Puerto Rico que han sido literalmente copiadas del Código Civil Español.

BIENES GANANCIALES—CASAS CONSTRUIDAS EN TERRENOS DE UNO DE LOS CÓNYUGES CON DINERO DE LA SOCIEDAD DE GANANCIALES.—Los edificios construídos durante el matrimonio en suelo propio de uno de los cónyuges a expensas de la sociedad de gananciales son bienes gananciales.

ID.—Es insuficiente y no aduce causa de acción una demanda para anular la venta hecha por el esposo sin el consentimiento de la esposa, de bienes propios de él, por haberse construído sobre dicha finca durante el matrimonio distintas casas, a expensas de la sociedad de gananciales, cuando no se alega en la demanda que en el terreno vendido estaban comprendidas dichas casas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Llorens Torres.*

Abogado del apelado: *Sr. Carlos Franco Soto.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Se entabló este pleito para anular una venta hecha por el demandado González, sin el consentimiento de su esposa que

es la demandante, al demandado Rodríguez, de cierta finca rústica que se describe en la demanda, y pidiendo la restitución de dicha finca a la demandante y su referido esposo, y para recobrar las costas y desembolsos hechos. En la demanda se alega que:

"El 2 de abril, 1906, el demandado Pedro González, recibió en pago de la cantidad de $3,253 que le correspondía de la herencia materna, cierto predio de terreno. Su esposa es la demandante. Cuando al esposo se le adjudicó el predio de terreno, debía cuatro pagarés que ascendían a $777.25 en concepto de capital y $302.50 de intereses, haciendo un total de $1,079.75. La demandante pagó esos pagarés de su peculio particular para evitar que ejecutaran el terreno.

"Cuando el demandado recibió el terreno no existía ninguna casa en él. Durante el matrimonio se construyeron una casa vivienda y una casa para máquina de descascarar café, con un valor todo de $600. La demandante alega que por virtud de esos pagos y de la construcción de los edificios, ese terreno se ha convertido en bienes gananciales.

"Que el 24 de diciembre, 1910, el demandado Pedro J. González vendió la finca, mediante documento privado, al demandado Francisco Rodríguez Montes, sin el consentimiento de la demandante, y que sin dicho consentimiento la venta es ilegal. Pide ella a la corte que declare la venta ilegal y nula y que se haga la restitución de la finca a la demandante y al demandado Pedro José González, su esposo, con las costas, etc."

El demandado Rodríguez excepcionó esta demanda fundándose en que no aducía hechos suficientes para determinar una causa de acción. El demandado basa esta excepción en las siguientes proposiciones:

"1. En que exponiéndose en la demanda que Pedro J. González, esposo de la demandante, adquirió por herencia materna la finca descrita en la misma, no necesita el consentimiento de la demandante para ser válida la venta que se expresa en la alegación 7 de dicha demanda.

"2. En que no se expresa el carácter legal del patrimonio particular de la demandante y que se alega en la demanda.

"3. En que trátese de bienes dotales o parafernales, para que surtan efecto contra tercero, o sea contra el demandado Francisco Rodrí-

guez Montes, ha de constar necesariamente su entrega al marido bajo la fe notarial y garantizarse su devolución o restitución mediante hipoteca legal o voluntaria a favor de la demandante, debiendo inscribirse en el registro para que perjudique a tercero, no alegándose nada de eso en la demanda.

"4. En que no se hace alegación alguna que exprese que la finca descrita en la demanda está afecta al patrimonio particular que alega tener la demandante y que tal responsabilidad conste inscrito en el registro para perjudicar al demandado Francisco Rodríguez Montes.

"5. En que no alegándose en la demanda la entrega al marido del patrimonio a que alude la demandante, la responsabilidad de tal entrega no surtiría más efecto que el de las obligaciones personales, y si esta situación jurídica no destruiría cualquier cargo real que el marido hubiera constituído a favor de un tercero, menos puede afectar tales responsabilidades u obligaciones personales, el contrato de compraventa, en el cual, el demandado Pedro J. González, se ha desprendido del dominio, como así resulta de la alegación 7ª. de la demanda.''

La corte sostuvo la excepción y desestimó la demanda, negando a la demandante permiso para enmendarla y condenándola en costas. Contra esta sentencia ha apelado la demandante.

La resolución de este caso envuelve dos cuestiones de derecho, pues los hechos no han sido controvertidos y en virtud de la excepción previa se aceptan como correctamente expuestos en la demanda. La primera cuestión que surge es la siguiente:

1. El hecho de que la esposa, de su patrimonio particular y por la suma de $1,709, redimió pagarés de su esposo que fueron dados por deudas contraídas antes del matrimonio, ¿les da a los bienes particulares del esposo, quien los heredó de su madre, el carácter de bienes gananciales hasta el punto de necesitarse el consentimiento de la demandante para su enajenación, según al artículo 1328 del Código Civil?

Esta cuestión debemos contestarla en la negativa. De las alegaciones hechas en la demanda no hay duda que el esposo adquirió la finca como herencia materna y por lo tanto a título lucrativo, y debe considerarse como su patrimonio

particular.    El hecho de que la esposa pagara, por su esposo, ciertos pagarés de él, dados antes del matrimonio, no le da a la finca el carácter de bienes gananciales.  Código Civil, artículo 1324.   La esposa se convirtió por ello en acreedora del esposo, pero sin adquirir derechos sobre el patrimonio particular de él.   La finca consiste en un predio de terreno compuesto de veinte y dos cuerdas, y el esposo, a pesar de las cantidades que le adelantara su esposa, y del hecho de no poseer otros bienes más que ese predio de terreno, podrá enajenarlo mediante el debido traspaso, sin el consentimiento de la esposa.    De modo que, por lo que se refiere a la primera proposición, la corte sentenciadora estuvo acertada al declarar con lugar la excepción previa.

La segunda cuestión que hay que considerar es ésta:

2. El hecho de que el terreno lo adquiriera el esposo por herencia materna, sin que existieran en él mejoras, y que se construyeran en él durante el matrimonio casas para vivienda y para maquinaria de descascarar café, de un valor de $600, ¿convierte dicho terreno en bienes gananciales hasta ese punto, según el artículo 1328 del Código Civil?

El artículo 1328 del Código Civil dice así:

"Art. 1328.—Sin embargo de las facultades que tiene el marido como administrador, no podrá donar, enajenar, obligar a título oneroso, los bienes inmuebles de la sociedad de gananciales, sin el consentimiento expreso de la mujer.

"Toda enajenación o convenio que sobre dichos bienes haga el marido en contravención a este artículo, y los demás dispuestos en este Código, o en fraude de la mujer, será nulo y no perjudicará a ésta ni a sus herederos."

No puede haber duda en cuanto a la intención de esta declaración de nuestra ley estatutaria.   No podríamos evadirla aunque quisiéramos y reconocemos que es nuestro deber hacerla cumplir.  (*Vivaldi* v. *Mariani,* 10 P. R. R., 420; *Pérez* v. *Registrador,* 2 P. R. R., 663; *Amadeo* v. *Registrador,* 3 P. R. R., 263.)   En cuanto a lo que constituye bienes gananciales

podemos referirnos al artículo 1319 del Código Civil que dice así:

"Artículo 1319.—Las expensas útiles, hechas con los bienes peculiares de cualquiera de los cónyuges mediante anticipaciones de la sociedad o por la industria del marido o de la mujer, son gananciales.

"Lo serán también los edificios construídos durante el matrimonio en suelo propio de uno de los cónyuges, abonándose el valor del suelo al cónyuge a quien pertenezca."

Los siguientes extractos tomados de Manresa, comentando el artículo correspondiente del Código Español, tienen relación al caso. Hablando de un edificio levantado en un solar propiedad de uno de los esposos, dice:

"El segundo párrafo del artículo 1404 es una excepción del primero, y de los principios generales relativos a la accesión, modificando también nuestro antiguo derecho. Los edificios se consideran un accesorio del suelo, y construídos a expensas de la sociedad de gananciales, cederían, con arreglo al párrafo primero del artículo que nos ocupa, en favor del cónyuge propietario del solar, sin perjuicio de la indemnización correspondiente. El artículo cambia la doctrina; los edificios construidos durante el matrimonio en suelo propio de uno de los cónyuges son gananciales, abonándose el valor del suelo al cónyuge a quien pertenezca. Es claro que se trata de edificios o construcciones hechos a costa del caudal común, como es lógico y se deduce de la relación entre los dos párrafos del artículo.

"Si el edificio se construye por el dueño del solar con dinero suyo, desde luego pertenece al mismo dueño del suelo. Si el marido construye a su costa en solar propio de la mujer, el edificio pertenece a ésta, siguiendo las reglas generales de la accesión y la doctrina del artículo 1368. La excepción del artículo 1404 no puede extenderse a más caso que el taxativamente marcado en su texto: construcción a expensas de la sociedad de gananciales en terreno propio de uno de los esposos.

"'Fúndase la excepción, dice Goyena, en consideraciones de interés público para promover la edificación, sobre todo en las capitales y grandes poblaciones. Un marido, por ejemplo, se abstendría de edificar con dinero propio o común en un solar dotal (sito tal vez en uno de los mejores parajes públicos), por saber que el edificio irá a poder de su mujer o de herederos extraños, y que no se reputará mejora sino lo rigurosamente gastado en edificar. El artículo le presenta un cebo

o estímulo para que edifique, pues tiene los mismos derechos y esperanzas que la mujer para ser propietario del edificio, y la seguridad de que en el caso contrario, se reputará ganancia todo lo que más valga el edificio por cualquier género de gastos, aunque sean voluntarios, o de puro placer y ornato.'

"Añadamos una consideración: aunque el edificio no pueda subsistir sin el suelo, tiene siempre mucho más valor e importancia que éste, por lo que, si la doctrina no se conforma con los principios, satiface más a la razón. Si el solar vale 5 y el edificio 500, y éstos 500 pertenecen a la sociedad de gananciales, más racional es que el edificio con el suelo se adjudique a la misma sociedad abonando 5 al propietario, que no que se adjudique al propietario abonando 500 a la sociedad.

"La palabra edificio es nombre genérico de toda obra arquitectónica con techo, construida para servir de morada al hombre o para oficinas, casinos, teatros, etc. Cuando la construcción hecha no merece el concepto de edificio, debe seguirse la regla general. La interpretación del artículo no puede menos de ser restrictiva. Un corral de ganado o tinada, un hórreo de piedra, etc., siguen al suelo como accesorios del mismo. La simple reparación extraordinaria en edificios ya existentes, aumento de pisos o de elevación, construcción de azoteas, miradores, etc., tampoco están comprendidos en la excepción.

"En cambio, aunque lo edificado sea una casa de campo o de labor en heredad de uno de los cónyuges, o nuevos cuerpos o dependencias construídos de nueva planta al lado de edificios ya existentes o contiguos a ellos, es aplicable el párrafo 2º. del artículo 1404; lo nuevamente edificado es ganancial."

Tomo 9, Manresa, Comentarios al Código Civil, pp. 601 y 602.

De acuerdo con la regla bien conocida de interpretación podemos referirnos a eminentes autores españoles para la debida interpretación de aquellas partes de nuestro Código Civil que han sido literalmente copiadas del Código Civil Español; y encontramos que el artículo 1319 del Código de Puerto Rico es una copia del artículo 1404 del Código Español. Por lo tanto debemos resolver que las casas edificadas en esa parcela de terreno durante el matrimonio, y de un valor de seis cientos dollars, son bienes gananciales de la sociedad conyugal; y que según el artículo 1328 del Código Civil no pueden venderse sin el consentimiento de la esposa. Pero como esto no le impide al esposo disponer, sin el consen-

timiento de su esposa, de su propiedad privativa adquirida por herencia, y como en la demanda se.pide la nulidad de la venta del terreno sin expresar en ella que en la venta se incluían las casas, debemos concurrir con el juez de la corte inferior, que la demanda no aduce hechos suficientes para determinar una buena causa de acción y fué propiamente desestimada. Pero deseamos añadir, que la sentencia dictada en el presente caso no impide el que se ejercite ante el tribunal competente y de acuerdo con la ley la acción que exista para obtener la nulidad de·la venta de las casas descritas en la demanda, en caso de que dichas casas hayan sido en efecto vendidas.

Por las razones consignadas aquí, debe confirmarse, con las restricciones mencionadas, la sentencia del tribunal sentenciador.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y. Aldrey.

El Juez Presidente Sr. Hernández, no tomó parte en la resolución de este caso.